**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                 )

**LINDSAY FERRER, et al.,**          )

        )

    **Plaintiffs,**          )

        )

       **v.**          )      **Case No. 16-cv-02162 (APM)**

        )

**CAREFIRST, INC., et al.,**        )

        )

    **Defendants.**        )

_____ )

## MEMORANDUM OPINION AND ORDER

Defendants seek reconsideration of the court's Memorandum Opinion and Order denying their Motion to Dismiss ("Motion for Reconsideration"). _See_ Defs.' Mot. for Recons., ECF No. 16, Mem in Supp., ECF No. 16-1 [hereinafter Defs.' Mot.]; Mem. Op. & Order, ECF No. 15 [hereinafter Mem. Op. & Order]. The court ruled that Plaintiffs had standing to pursue their claims under The Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18001 et. seq. (2010), because their Complaint contains sufficient allegations of financial injury. _See_ Mem. Op. & Order at 4–5. In so ruling, the court, relying on _Haase v. Sessions_, 835 F.2d 902 (D.C. Cir. 1987), declined to consider an affidavit submitted by Wanda Lessner, an employee for Defendant CareFirst, which purports to explain that CareFirst has reimbursed each Plaintiff to the full extent of its obligations under the ACA and their insurance plans. _See_ Mem. Op. & Order at 2–4. Defendants now assert that the court erred by not considering the Lessner Affidavit. Defs.' Mot. at 3–5. For the reasons that follow, the court denies Defendants' Motion for Reconsideration.

The court evaluates Defendants' Motion for Reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure, which governs reconsideration of non-final decisions. _See Cobell v. Norton_, 355 F. Supp. 2d 531, 538–39 (D.D.C. 2005). Rule 54(b) provides that "any

order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Relief under Rule 54(b) may granted "as justice requires." *Cobell*, 355 F. Supp. 2d at 539 (internal quotation marks omitted). Courts in this district interpret that abstract phrase narrowly and will grant a motion to reconsider "only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (internal quotation marks omitted). Here, Defendants do not point to either a change in the law or any new evidence. Accordingly, the court need only decide whether its prior ruling constituted "clear error." *Id*.

Defendants argue that the court committed clear error because its refusal to consider the Lessner Affidavit conflicts with D.C. Circuit precedent following *Haase*. Defs.' Mot. at 3–5. Defendants rely primarily on *Coalition for Underground Expansion v. Mineta*, which permits district courts to consider, "where necessary," evidence submitted by a defendant to resolve a standing challenge. 333 F.3d 193, 198 (D.C. Cir. 2003) (citation omitted). To the extent that this court's Memorandum Opinion and Order can be read to interpret *Haase* as stating a categorical rule barring defendants from putting forward evidence to challenge a plaintiff's standing, *Mineta* clearly states otherwise. However, even under *Mineta*'s permissive rule, the court did not commit clear error.

The fundamental flaw in Defendants' standing argument remains: Defendants' *factual* assertion that Plaintiffs lack standing is premised entirely on their *legal* position that their interpretation of the ACA, and not Plaintiffs', is the right one. That approach, however, fundamentally misconstrues the scope of standing challenges under Rule 12(b)(1). The

2

"standing doctrine was not intended to provide a vehicle for resolution at the threshold of fundamentally merit[s] issues." *Saunders v. White*, 191 F. Supp. 2d 95, 112 n.21 (D.D.C. 2002) (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1280 (11th Cir. 2001)). To the contrary, as the Supreme Court stated in *Flast v. Cohen*, "[t]he fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." 392 U.S. 83, 99 (1968). The standing inquiry therefore focuses on the question of whether the party bringing suit has a sufficiently "personal stake in the outcome" so as to ensure "concrete adverseness" between the parties, and not whether the plaintiff has advanced a legally cognizable claim. *See id*. at 99–100. Here, the court already has ruled that Plaintiffs have a sufficiently personal stake in the outcome of this case—i.e. the financial losses alleged in their Complaint, *see* Mem. Op. at 4–5—to ensure concrete adverseness is present. Therefore, they have standing. Defendants' insistence that their interpretation of the ACA, combined with the averments of the Lessner Affidavit, shows Plaintiffs lack standing therefore lacks merit.

Accordingly, the court did not commit clear error in declining to consider the Lessner Affidavit and denying Defendants' Motion to Dismiss. Defendants' Motion for Reconsideration is therefore denied.

Dated: August 14, 2017

Amit P. Mehta
United States District Judge